**SUSAN HEANEY HILDEN**
Nevada Bar. No. 5358
Meruelo Group, LLC
2500 East Second Street
Reno, Nevada 89595
Telephone: (775)789-5362
shilden@meruelogroup.com
Attorney for Defendants

**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
CHRIS DAVIS, ESQ.
Nevada Bar No. 6616
cdavis@cohenjohnson.com
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDY MARTEL (also known as MARTEL-RORIGUEZ), MARY ANNE CAPILLA, JANICE JACKSON-WILLIAMS and WHITNEY VAUGHAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HG STAFFING, LLC, MEI-GSR HOLDINGS, LLC d/b/a GRAND SIERRA RESORT, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants HG STAFFING, LLC and MEI-GSR HOLDINGS LLC d/b/a/ GRAND SIERRA RESORT (collectively, "Defendants") hereby give notice of removal of Case No. CV16-01264, which was filed in the Second Judicial District Court in Washoe County, Nevada.

IN SUPPORT THEREOF, Defendants state as follows:

1. On June 15, 2016, Plaintiffs Eddy Martel ("Martel"), Mary Anne Capilla ("Capilla"), Janice Jackson-Williams ("Williams") and Whitney Vaughan ("Vaughan") (collectively, "Plaintiffs") commenced this action against Defendants in the Second Judicial District Court of the State of Nevada In And For Washoe County, by filing a Class Action Complaint ("the Complaint"), Case No. CV16-01264. The Complaint alleges: (1) Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and NRS 608.016; (2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution; (3) Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018; and (4) Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-050.

2. On July 5, 2016, Plaintiff served Defendants with a copy of the Summons and Complaint, which complaint is attached hereto as Exhibit 1, along with the Certificates of Service and all other papers filed in State court.

3. This Notice of Removal is filed within thirty (30) days after Defendants first received a copy of the Summons and Complaint.

4. Venue is proper in this Court as this is the Court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

5. This action is properly removed to federal court under federal question jurisdiction pursuant to 28 U.S.C. §1331.

6. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act of 1947 ("the LMRA"). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (holding the "pre-emptive force of § 301 [of the LMRA] is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization" and therefore "[a]ny such suit is purely a creature of federal law"). Section 301 provides that "[s]uits for violation of contracts between and an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties,

without respect to the amount in controversy, or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Importantly, Section 301 of the LMRA also clearly preempts suits by individual employees against their employers, including suits "seeking to vindicate 'uniquely personal' rights of employees pertaining to wages, hours and overtime." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 561 (1976).

7. The Complaint alleges that Defendants failed "to compensate Plaintiffs and members of the Cash Bank, Dance, Room Atendnat, Pre-shift Meeting and Uniform Classes for the time spent performing the work activities withour compensation . . . ." *See* Exhibit 1, Complaint, ¶ 43.

8. Plaintiff Willams, along with Cashiers, Bartenders, Baristas, Cocktail Waitresses, Slot Attendants, Room Attendants, and certain GSR employees that attended dance classes (all of whom the Complaint alleges as putative class members), are covered by a collective bargaining agreement between Grand Sierra Resort and the Culinary Workers Union Local 226 ("the CBA"). *See* Complaint, ¶¶ 7, 39. Exhibit 2, Declaration of Larry Montrose ("Montrose Dec."), ¶ 2. The CBA states, it is the parties "complete agreement on wages, hours of work, [and] working conditions" of covered employees. *See* Exhibit 2A, CBA, at p. 6. Willliam's and putative class members' claim for failure to pay wages is therefore a federal claim for breach of the CBA which provides this Court with removal jurisdiction. S*ee United Steelworkers of Am., AFL-CIO-CLC v. Rawson,* 495 U.S. 362, 368, (1990) (holding "any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301" of the LMRA); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir. 1987) (finding that "removal jurisdiction" was proper because the employee's "individual contract claim is completely preempted and supplanted by a federal claim for breach of the CBA under section 301" of the LMRA).

9. Plaintiffs' complaint also alleges:

> By failing to compensate Plaintiffs and members of the ash Bank, Dance, Room Attendant, Pre-shift Meeting, Uniform, and Shift Jaming Classes, for the time spent performing the work activities without compensation identified above, Defendants failed to pay Plaintiffs and those class members overtime premium pay for all hours worked over eight (8) hours in a workday to those Class

> Members who were paid a regular rate of less than one and one half times the minimum wage premium pay and failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

*See* Exhibit 1, Complaint at 13-14, ¶ 53. The overtime provisions of NRS 608.018 do not apply, however, to "[e]mployees covered by collective bargaining agreements which provide otherwise for overtime." *See* NRS 608.018(3)(e) ("The provisions of subsections 1 and 2 do not apply to . . . Employees covered by collective bargaining agreements which provide otherwise for overtime").

10. The CBA provides otherwise for overtime and therefore the overtime provisions of NRS 608.018 do ***not*** apply. Article 9.01 of the CBA, entitled "WORK SHIFTS, WORKWEEK, AND OVERTIME," states:

> The workweek pay period shall be from Friday through Thursday. For purposes of computing overtime, for an employee scheduled to work five (5) days in one (1) workweek, any hours in excess of eight (8) hours in a day or forty (40) hours in a week shall constitute overtime. For an employee scheduled to work four (4) days in one (1) workweek, any hours worked in excess of ten (10) hours in a day or forty (40) hours in a week shall constitute overtime. . . . Employees absent for personal reasons on one (1) or more of their first five (5) scheduled days of work in their workweek shall work at the Employee's request on a scheduled day off in the same workweek at straight time.

*See* Exhibit 2A, CBA, at p. 15, Art. 9.01. Accordingly, Plaintiff Williams and putative class members right to overtime is conferred by the CBA, ***not*** Nevada law, and therefore their overtime claims are preempted by the LMRA, and are properly removed. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements" under section 301 of the LMRA); *Mireles v. Paragon Sys., Inc.*, Case No. 13CV122 L BGS, 2014 WL 4385453, at *6 (S.D. Cal. Sept. 4, 2014) ("Because the exemptions [to state law wage claims covered by a CBA] apply as a matter of law, the overtime and meal period rights plaintiffs have exist entirely as a result of the CBAs, and do not arise from state law" and therefore plaintiffs' wage claims "are preempted under the LMRA § 301").

11. Plaintiff William's and putative class member's overtime claims are also preempted because the CBA must be interpreted in order to adjudicate those overtime claims. The most sensible interpretation of the CBA's overtime provision is that employees are entitled to overtime for working more than eight hours in a day *only if* they are scheduled to work five days in one workweek pay period (Friday through Thursday). Additionally, employees who work five days in one workweek should not be entitled to overtime for working more than eight hours in a day if they miss one of their scheduled days and work an alternate day. Further, the Court must interpret the meaning of the term "day," as used in the CBA. NRS 608.0126 defines "workday" as "a period of 24 consecutive hours which begins when the employee begins work." The CBA does not, however, use the term "workday," but only uses the term "day," and therefore the term "day" is not defined. In such cases, words in the CBA are given their ordinary meaning. *See Garcia v. Dep't of Homeland Sec.*, 780 F.3d 1145, 1147 (Fed. Cir. 2015) (holding that when interpreting a collective-bargaining agreement, the "words in the agreement" are given "their ordinary meaning unless the parties mutually intended and agreed to an alternative meaning"). The ordinary meaning of the word "day" is a twenty-four hour period beginning at the same time, usually midnight. *See In re Walkup*, 122 S.W.3d 215, 217 (Tex. App. 2003) (holding the "ordinary meaning of 'day' is a calendar day, which means the 24–hour period of time beginning immediately after midnight of the previous day and ending at the next midnight"); *Husebye v. Jaeger*, 534 N.W.2d 811, 814 (N.D. 1995) ("a day extends over the 24 hours from one midnight to the next midnight"); *State v. Sheets*, 338 N.W.2d 886, 886 (Iowa 1983) (the "general rule is that when the word 'day' is used it means calendar day which includes the entire day from midnight to midnight); *Moag v. State*, 31 N.E.2d 629, 632 (Ind. 1941) ("when the word 'day' is used in a statute or in a contract, it means the twenty-four hours," "running from midnight to midnight"). When an employee covered by the CBA works on Monday from 9 to 5, then on Tuesday from 8 to 4, the employee is not due overtime under the CBA, while the employee may have been due overtime NRS 608.018, if the employee had not been covered by the CBA. Accordingly, Plaintiff William's and putative class members' overtime claims are

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

substantially dependent on an analysis of the CBA, are preempted by the LMRA, and therefore are properly removed. *See Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065, 1067 (9th Cir. 2000) (holding that when "the collective bargaining agreement must be interpreted to determine . . . whether [the state's] overtime exemption provision applies, . . . Plaintiffs' state law claim [for overtime] is preempted by the LMRA" because § 301 of the LMRA "preempt state law claims that are 'substantially dependent' on an analysis of a collective bargaining agreement").

12. Based on the foregoing, Defendants remove the above action now pending in the Second Judicial District, in and for Washoe County, as Case No. CV16-00480 to this Court. A true and correct copy of Defendants' Notice to State Court of Removal of Civil Action to Federal Court, without exhibits, is attached hereto and incorporated herein as Exhibit 3.

Dated this 25th day of July 2016

COHEN|JOHNSON|PARKER|EDWARDS

By: */s/ Chris Davis*
H. Stan Johnson, Esq.
Nevada Bar No. 00265
Chris Davis, Esq.
Nevada Bar No. 06616
255 E. Warm Spring Road, Suite 100
Las Vegas, Nevada 89119

Attorneys for Defendants

## PROOF OF SERVICE

CASE NAME:	Martel, et. al vs. HG Staffing, LLC. at el.
Court:		USDC Nevada
Case No.:

On the date last written below, following document(s) was served as follows:

**NOTICE OF REMOVAL**

__X__   by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States Mail, Las Vegas, Nevada and addressed to:
_____   by using the State Court's CM/ECF Electronic Notification System addressed to:
_____   by electronic email addressed to :
_____   by personal or hand/delivery addressed to:
_____   By facsimile (fax) addresses to:
_____   by Federal Express/UPS or other overnight delivery addressed to:

Mark R. Thierman, Esq.
Leah L. Jones, Esq.
THIERMAN| BUCK LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
*Attorney for Plaintiffs*

DATED the 25th day of July 2015.

    __/s/ Sarah Gondek_____
    An employee of Cohen|Johnson, LLC.